(52 Misc. 18)

### PROSSER et al. v. MAXON.

(Supreme Court, Special Term, New York County. November, 1906.)

PLEADING—ANSWER—SEPARATE DEFENSES.

In an action on certain notes, an allegation in the answer that defendant had been employed by plaintiffs to act as general agent of an insurance company, with the right to receive certain renewal commissions on premiums paid on policies procured by defendant, and that there was due for such commissions a sum in excess of the amount of plaintiff's claim, was not germane to the causes of action alleged in the complaint, and was therefore not available as a defense, though it might constitute a counterclaim.

Action by Seward Prosser and another against William F. Maxon. On demurrer to separate defenses in the answer. Sustained.

The complaint sets up five separate causes of action upon promissory notes· made by defendant to plaintiffs. The answer, after denying substantially all the allegations of the complaint, alleges: "Defendant, further answering said complaint, and as a separate defense thereto, alleges as follows: (1) That on or about the 22d day of November, 1904, he entered into a contract with the plaintiffs, who are managers of the Equitable Life Assurance Society, whereby defendant agreed to act as general agent for the plaintiffs in procuring application for life insurance policies in said company; that it was further agreed in and by said contract that certain renewal commissions on premiums paid on policies procured by the defendant were to be paid to the defendant on business secured by him for a period of 10 years subsequent to the securing of the same. (2) That after the making of said contract, defendant entered upon the discharge of his duties thereunder, and procured a large amount of insurance for the plaintiffs, and thereby became entitled to receive, and is now entitled to receive from the plaintiffs, under said contract for said insurance, a sum in excess of the amount the plaintiffs now claim the defendant is indebted to them, as alleged in said complaint." The plaintiff demurred to such separate defense. The defendant did not appear upon the argument of the demurrer.

Kings & Booth (Walter C. Booth and Frederick P. King, of counsel), for plaintiffs.

GIEGERICH, J. The matters contained in paragraphs 1 and 2 of the separate defense set up in the answer have no relation to the causes of action alleged in the complaint, and therefore are not available as a defense. They might constitute a valid counterclaim if so pleaded; but they have not been pleaded as a counterclaim, nor even as a set-off. On the contrary, they are alleged as a defense simply, and the only relief demanded is that the complaint be dismissed.

Demurrer sustained, with costs to the plaintiffs, and with leave to the defendant to amend within 20 days on payment of such costs.